**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:22-cr-723** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| **-vs.-** | ) | |
| | ) | **POSITION OF THE DEFENDANT** |
| **ABDULRAHMAN ZALAH,** | ) | **WITH RESPECT TO SENTENCING** |
| | ) | **FACTORS** |
| **Defendant.** | ) | |

On July 13, 2023, the Defendant, Abdulrahman Zalah, will come before this Honorable Court for sentencing in connection with his guilty plea to the following offense, to wit: one (1) count of Smuggling of Goods from the United States, in violation of Title 18 United States Code Section 554. The purpose of the instant Memorandum in support of sentencing is to bring to light additional information pertaining to Mr. Zalah. Herein, Mr. Zalah requests that this Honorable Court impose a sentence of eight (8) months, with credit for time served, and allow for voluntary removal from the United States or to be released to the custody of Immigration and Custom Enforcement for removal proceedings, as any period of incarceration suggested by the Guidelines range in the instant matter is greater than necessary to comport with the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

_____
**ROBERT B. BOTNICK**
**SC0078267**
**THE BOTNICK LAW FIRM, LLC**
**Attorney for Defendant**
20600 Chagrin Boulevard, Suite 495
Shaker Heights, Ohio 44122
(216) 245-9245
(216) 331-2619 – Fax
robert@botnicklawfirm.com

# <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing Position of the Defendant with Respect to Sentencing Factors was served on Plaintiff by delivering a copy thereof via e-file to The United States District Court, Northern District of Ohio, Eastern Division, this 3rd day of July 2023.

**ROBERT B. BOTNICK**
**SC00786267**
Attorney for Defendant

## MEMORANDUM IN SUPPORT

### I. FACTUAL HISTORY

Mr. Zalah became known to FBI agents following a report submitted by a rifle barrel manufacturer in October 2022 concerning purchases of four (4) rifle barrels made by Mr. Zalah, an apartment dweller. Presentence Investigation Report (PSR) ¶14. On October 28, 2022, Mr. Zalah voluntarily spoke with agents and admitted to purchasing rifle barrels in the United States on behalf of an associate in Saudi Arabia, who paid Mr. Zalah to purchase rifle barrels and ship them overseas to Saudi Arabia. PSR ¶16-18. Mr. Zalah did so without written permission of the United States Government or an export license. PSR ¶12. On November 27, 2022, after it became known that there was a warrant for his arrest, Mr. Zalah surrendered himself at the FBI Cleveland Field Office with the assistance of his counsel. PSR ¶19. On December 15, 2022, Mr. Zalah was indicted on one count of Smuggling of Goods from the United States in violation 18 U.S.C. § 554. PSR ¶1.

On May 18, 2023, Mr. Zalah entered into a Plea Agreement with the United States Attorney's Office and entered a plea of guilty to the offense of Smuggling of Goods from the United States, 18 U.S.C. §554. PSR ¶1, 2. He has been detained since the time of his arrest on November 27, 2022, and there have been no reports of misconduct during his incarceration. PSR ¶6.

### II. AT THE TIME OF SENTENCING, IT WILL BE THIS HONORABLE COURT'S DUTY TO IMPOSE A SENTENCE SUFFICIENT, BUT NOT GREATER THAN NECESSARY, TO COMPLY WITH THE PURPOSES OF FEDERAL SENTENCING SET FORTH IN 18 U.S.C. §3553(a).

In light of *United States v. Booker,* 543 U.S. 220 (2005), this Honorable Court is required to engage in a multi-step analytical process at sentencing. First, the Court must determine, after

making appropriate findings of fact, the applicable Guidelines range. *United States v. Grossman*, 513 F.3d 592, 595 (6th Cir. 2008). After making appropriate findings of fact, the Court must determine whether a sentence within that range serves the factors set forth in § 3553(a). *Id*. Finally, the Court must articulate the reasons for the sentence imposed in light of the factors set forth in § 3553(a). *Id*.

A. **Examination of the factors set forth in 18 U.S.C. § 3553(a) indicates that a downward departure from the Guidelines is reasonable and appropriate.**

    1. **Nature and circumstances of the offense and the history and characteristics of Mr. Zalah**

        a. *Nature and circumstances of the Offense*

One pertinent consideration for sentencing courts is the motivation, if any, underlying the conduct at issue. In fact, the Supreme Court has expressly held that a defendant's motive for committing his crime is a relevant consideration for purposes of sentencing. *See Wisconsin v. Mitchell*, 508 U.S. 476, 485 (1993). Under the directives of § 3553(a) analysis, a defendant's motive is part of the "nature and circumstances of the offense" and must be considered. *United States v. Mahan*, 2007 WL 1430288, at *3 (10th Cir. 2007)(finding sentence procedurally unreasonable where district court refused to consider defendant's stated motive for possessing a loaded weapon). District Courts have granted departures or variances from the Guidelines' range where a defendant who engaged in fraudulent conduct was motivated by something other than a desire for profit or personal financial gain. *See, e.g., United States v. Milne*, 384 F. Supp.2d 1309, 1310-11 (E.D. Wis. 2005)(granting variance below guidelines' recommendation where defendant did not take money out of greed or desire to live lavish lifestyle); *United States v. Ranum*, 353 F. Supp. 2d 984, 990 (E.D. Wis. 2005)(wherein the court considered mitigating evidence that the defendant in bank fraud case had not acted for personal gain or for improper financial gain of

another).

Mr. Zalah, when considering the allegations against him, was clearly not out for his own personal gain, but was motivated by the need to provide for his family. At the time of his arrest, Mr. Zalah was a student studying computer science and working to assist his sister with attending school in the United States. It cost money to be in the United States on a student visa, and Mr. Zalah had loans to repay, particularly after having to leave the country and put his studies on hold at the start of the COVID-19 pandemic. PSR ¶24, 48, 57. As the cultural head of his family following his father's death, he also felt a strong obligation to provide for his family, especially his mother who is ill and receives only a modest survival spousal pension. PSR ¶45,48, 49.

To make money while on his student visa, Mr. Zalah began by selling every-day items such as clothes and shoes for a finders fee of $25.00 to individuals in Saudi Arabia who could not purchase these items online due to restrictions on Saudi internet. PSR ¶ 57. While selling goods online, he was contacted by an individual named Hasan Aldossary to purchase rifle barrels and ship them to him in Saudi Arabia. PSR ¶17, 18, 24. Aldossary paid Mr. Zalah $300 per barrel, and said he had been procurring barrels in this manner since 2014 without problems. PSR ¶24. Mr. Zalah performed a Google search about whether he could purchase rifle barrels while a student, but did not research the legality of shipping internationally or whether a permit was required. PSR ¶24. Admittedly, he should have investigated further. PSR ¶ 24.

### b. The history and characteristics of Mr. Zalah

Mr. Zalah is a committed son and brother who is devoted to caring for his family. See Statement of Abeer Zalah, attached hereto and incorporated herein as Exhibit A. He has faced significant grief and tragedy in his life, with the passing of his younger sister, who died in his arms, when she was eleven (11) years old; his other younger sister, Abeer's, prolonged illness causing

her to miss school for three years; and his father's sudden death in 2017 from a car accident. PSR ¶ 51, 52; Ex. A. Mr. Zalah became the head of his family when his father died, serving the role of provider, problem solver, and emotional support. Ex. A; PSR ¶ 48.

Mr. Zalah has always been interested in computers and in learning. Ex. A. He studied diligently and obtained a degree in Systems Analysis and Design from Jazan University in Saudi Arabia in 2014, graduating with a 3.67 GPA. See Graduation Certificate attached hereto and incorporated herein as Exhibit B. He came to the United States to chaperone his sister, Abeer, and support her in working toward a law degree. PSR ¶ 46, 48. He also aspired to obtain a degree in the United States, which is considered prestigious in his home country. PSR ¶ 48. He enrolled as a student at Walsh University in the Spring, Summer, and Fall 2022 semesters and performed very well, particularly when considering that English is a second language for him. PSR ¶ 55. Given his difficulty understanding English, Mr. Zalah would record each class, then use another device to translate the recording into Arabic, which he would then review; essentially sitting through each and every class twice. PSR ¶ 54.

Following the conclusion of this case, Mr. Zalah would like to return home, obtain employment, and continue to support his family. PSR ¶ 49.

### c. *Support System*

District courts sentencing below the calculated Guidelines range have recognized the importance of a defendant's strong social support system. *See United States v. Wachowiak*, 496 F.3d 744, 747-48 (7th Cir. 2007)(explaining that "[w]here the Court has found strong social support from family, friends, and others the Court has deemed a lower sentence appropriate"); *see also United State v. Smith*, 2008 WL 1816564, 186 (4th Cir. 2008)(relying on the defendant's strong family ties when imposing a sentence below the Guidelines range).

Mr. Zalah is remorseful for his actions in the instant prosecution. Despite his own sense of remorse and disappointment in himself, he finds solace in knowing that his close-knit family has maintained their love and support for him. He wishes nothing more than to return home to Saudi Arabia to rebuild his life there and continue to contribute to his community.

2. **Need for sentence imposed – to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant.**

At the time of sentencing, it will be this Honorable Court's duty to impose a sentence sufficient, but not greater than necessary, to comport with the purposes of sentencing as set forth in 18 U.S.C. § 3553(a)(2)(A)-(D). These purposes include promoting respect for the law, which incorporates providing just punishment in light of the seriousness of the offense; affording adequate deterrence; protecting the public from further crimes by Mr. Zalah; and providing Mr. Zalah with any needed rehabilitation and treatment.

When applying the above-referenced factors to the case at bar, it is apparent that a downward departure from the calculated Guidelines' range is sufficient to achieve the sentencing goals outlined in 18 U.S.C. § 3553(a). First, this Honorable Court is required to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. Mr. Zalah has entered a plea to one (1) count of Smuggling of Goods from the United States. In addition to any sentence that this Honorable Court will impose, Mr. Zalah has already experienced significant ramifications as a result of his conduct; namely, he has been incarcerated for more than seven (7) months since November 27, 2022. He was unable to take his final exams, losing his place at Walsh University, and missing the opportunity to complete his course of study; he could not earn money to support his sister, Abeer, here or his family back home; and destroyed his chance of furthering his education in the United States, possibly

permanently. He has suffered in pretrial detention as a result of his nationality and observance of his Muslim faith. He has been prohibited from reading materials in Arabic, his native language, and isolated from the joy of community and learning. Furthermore, his absence has inflicted significant anxiety to his sister, Abeer, here in the United States, who has been left without a support system, as well as to his family in Saudi Arabia, who is left helpless and unable to provide any assistance or support.

Based upon the nature of the crime, Mr. Zalah's lack of any criminal record, his low risk to recidivate, and his age and health conditions, it is respectfully submitted that a sentence departing from the Guidelines would adequately protect the public from any possible future crimes. This fact is further supported by Mr. Zalah's conduct while incarcerated, which has been without issue, as well as his intention to seek voluntary removal from the United States following his sentencing.

According to the Pre-Sentence Report, the Court could grant a three-level downward variance to Mr. Zalah as he meets the criteria of USSG § 3E1.1(a) and (b). Mr. Zalah also argues the Court could impose a further downward departure as permitted under §2M5.2. Application Note 1 suggests in the case where a defendant's conduct posed no risk of harm to the security or foreign policy interest of the United States a downward departure may be warranted. Based upon the Government's statements at the time of Mr. Zalah's change of plea, it would appear there was no concern of a risk to the United States' interests based upon the findings of federal agents during their investigation into Mr. Zalah and his conduct. As such, Mr. Zalah requests that the Court consider a further downward departure.

In total, these factors support the conclusion that Mr. Zalah warrants a departure from the sentencing guidelines. Accordingly, counsel submits that a sentence of eight (8) months,

essentially time served, would more than adequately fulfill the principles and purposes of sentencing contained in § 3553.

### 3. The applicable advisory Guidelines range

Mr. Zalah is subject to a total offense level of twenty-three (23) with a criminal history category of one (I). PSR ¶ 3, 35, 40. The applicable Guidelines calculation spans 46 months to 57 months of imprisonment. Because the applicable guideline range falls within Zone D of the Sentencing Table, a period of incarceration is **required**. USSG §5B1.1; PSR ¶68.

The Plea Agreement entered into between Mr. Zalah and the Government calculated Mr. Zalah's offense level as follows:

| | |
|---|---|
| ***Base Offense Level for Count 1*** | **26** |
| Acceptance of responsibility | -3 |
| **Total offense level** | **23** |

PSR ¶3.

As for his criminal history computation, Mr. Zalah has no criminal history and agrees with the conclusion of Pretrial Services that his criminal history score is zero, establishing a Criminal History Category of I. PSR ¶ 40. According to JSIN, 90% of 231 similarly situated defendants over the past 5 years received a sentence of imprisonment in whole or in part, and the average length of imprisonment imposed was 33 months and the median length of imprisonment imposed was 36 months. There is no data available that would indicate the number of those individuals who remained incarcerated during the pendency of their case, nor does it indicate whether they were non-citizens subject to deportation.

Mr. Zalah points to a similar situation for guidance on sentencing in *United States v. Al-Balawi*, 1:17-CR-00043 from the Northern District of Indiana, wherein that defendant received a

downward departure upon his convictions of Smuggling of Goods from the United States AND Aiding and Abetting. The defendant in *Al-Balawi* was a Saudi student in Fort Wayne, Indiana, charged and convicted of exporting rifle barrels from the United States to Saudi Arabia. In a strikingly similar fact scenario, Mr. Al-Balawi was the middle-man based in the United States who would receive barrels purchased online by his brother; he would then package and ship the barrels to a contact in Saudi Arabia, where they were intended to be sold for hunting and sporting purposes. Ultimately, Mr. Al-Balawi was sentenced to twenty-four (24) months in prison with no term of supervised release to follow. Prior to the completion of his sentence, he was released to the custody of Immigration and Custom Enforcement for removal proceedings.

For the reasons contained herein and those to be presented at the sentencing hearing, Mr. Zalah respectfully moves this Honorable Court to impose a downward departure from the sentencing guidelines and impose a sentence of eight (8) months, with credit for time served, and permit him to seek voluntary removal from the United States or, in the alternative, release him to the custody of Immigration and Custom Enforcement's Enforcement and Removal Operations (ERO) unit for removal proceedings.

III.    **CONCLUSION**

For the foregoing reasons, Mr. Zalah respectfully requests that this Honorable Court consider the median and average imprisonment terms for similarly categorized offenders and deem his incarceration to date of nearly eight (8) months to be a sufficient penalty and permit him to seek voluntary removal from the United States or, in the alternative, release him to the custody of Immigration and Custom Enforcement's Enforcement and Removal Operations (ERO) unit for removal proceedings. Such a sentence will adequately punish Mr. Zalah, protect the community from any future harm, and return him to his home nation as quickly as possible without imposing

any further financial burdens upon the United States government. Furthermore, this Honorable Court should refrain from ordering Mr. Zalah to pay any fines, as he has no assets or current income.

Respectfully submitted,

**ROBERT B. BOTNICK**
**SC0078267**
**THE BOTNICK LAW FIRM, LLC**
**Attorney for Defendant**
20600 Chagrin Boulevard, Suite 495
Shaker Heights, Ohio 44122
(216) 245-9245
(216) 331-2619 – Fax
robert@botnicklawfirm.com