IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:22CR723 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S RESPONSE IN |
| ABDULRAHMAN ZALAH, | ) | OPPOSITION TO DEFENDANT'S |
| | ) | MOTION TO REDUCE SENTENCE |
| Defendant. | ) | UNDER 18 U.S.C. § 3582(c)(2) |

Now comes the United States of America, by and through its counsel, Rebecca C. Lutzko, United States Attorney, and Michelle M. Baeppler[1], Assistant United States Attorney, and hereby responds in opposition to Defendant Abdulrahman Zalah's motion under 18 U.S.C. § 3582(c)(2) seeking a reduced sentence based on Amendment 821 to the Sentencing Guidelines. (R. 36:  Motion, PageID 158-159).  Because Defendant has already served his sentence, he is not eligible for this relief, and the motion should be denied as moot.

## I.      Background

On December 15, 2022, Defendant was charged in a one-count Indictment with Smuggling Goods from the United States, in violation of 21 U.S.C. § 554.  (R. 11: Indictment, PageID 27-29).  On May 18, 2023, Defendant pleaded guilty to the indictment. (R. 22:  Plea Agreement, PageID 72-81).

---

[1] Assistant United States Attorney Michelle M. Baeppler is making an appearance for purposes of this motion only.

Under United States Sentencing Guidelines §2M5.2, Defendant's base offense level was 26.  (R.25: Final PSR, PageID 94).  After applying a two-level reduction under §3E1.1(a) for acceptance of responsibility, and a one-level reduction under §3E1.1(b)  for entering a timely guilty plea, the resulting total offense level was 23.  (*Id.*). Defendant had no prior criminal history, and thus had zero criminal history points and was in criminal history category I.  The advisory guideline range at offense level 23, criminal history category I, was 46 to 57 months. (*Id.*, PageID 98).

On July 20, 2023, this Court granted a downward variance and sentenced Defendant to 33 months' imprisonment.  (R. 32:  Statement of Reasons, PageID 141-145). As of October 11, 2024, Defendant is no longer in BOP custody.[2]

Presently before this Court is Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(2) following Guidelines Amendment 821. His motion should be denied because he is not eligible for relief as he has been released from incarceration.

## II.    Discussion

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in Section 4A1.1(c), providing a 2-offense-level reduction for many offenders who present zero criminal history points. The new provision states:

§ 4C1.1. Adjustment for Certain Zero-Point Offenders

(a) ADJUSTMENT.—If the defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

---

[2] https://www.bop.gov/inmateloc (last accessed November 8, 2024).

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

On August 24, 2023, the Commission decreed that this change applies retroactively. The Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Based on the plain statutory language of 18 U.S.C. § 3582(c)(2), the court only has authority to lower Zalah's term of imprisonment.  Since he has already served his sentence, the court no longer has authority. Therefore, Defendant is not eligible for a reduction in sentence, and his motion should be denied.

3

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By:    /s/ Michelle M. Baeppler
      Michelle M. Baeppler (OH: 0065378)
      Assistant United States Attorney
      United States Court House
      801 West Superior Avenue, Suite 400
      Cleveland, OH 44113
      (216) 622-3995
      (216) 522-8354 (facsimile)
      Michelle.Baeppler@usdoj.gov

4

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2024, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  A copy will be served by regular U.S. Mail to:

Abdulrahman Zalah
Reg. No.: 33309-510
C/O Geauga County Jail
12450 Merritt Road
Chardon, Ohio 44024-0224

/s/ Michelle M. Baeppler
Michelle M. Baeppler
Assistant U.S. Attorney